UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-23925-CIV-MORENO

BUILDING EMPOWERMENT BY STOPPING
TRAFFICKING, INC.,

    Plaintiff,

vs.

ESTHER JACOBO and MARY CAGLE,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

Plaintiff, Building Empowerment by Stopping Trafficking, Inc. ("BEST"), is a Florida non-profit corporation that provides *pro bono* legal representation and certified life coaching services to victims of sex trafficking. BEST also provides training services to first responders, law enforcement, lawyers and judges. BEST desires to open a long-term safe house for sex trafficking victims. Defendant, Esther Jacobo, is the Regional Manager for the Southern Region for the Department of Children and Families ("DCF"). Defendant Mary Cagle is the statewide director for the Department of Children and Families. Plaintiff's two-count complaint alleges a violation of Plaintiff's civil rights under 42 U.S.C. § 1983 because it was it was deprived of the alleged right to partner with the Department of Children and Families. The Plaintiff also brings a state claim for defamation.

Plaintiff alleges that Defendants as the supervisors of an array of child welfare services to children and young adults, illegally conditioned the Department's consideration of BEST as a service provider on its willingness to work with Kristi House, a non-profit entity that provides services to sexually abused youth in Miami, Florida. In addition, Plaintiff claims Defendants spread false and

sexually abused youth in Miami, Florida. In addition, Plaintiff claims Defendants spread false and defamatory statements regarding BEST's president, Linda J. Sullivan, in an effort to undermine BEST and discourage use of BEST's services.

The Court holds that the Complaint fails to establish any constitutional violation and that the Defendants are entitled to Qualified Immunity. Therefore, Count I is dismissed. The Court further declines to exercise supplemental jurisdiction over the state claim in Count II and therefore dismisses that count as well, with leave to file in state court if appropriate.

A. Qualified Immunity

The qualified immunity defense may be raised and addressed on a motion to dismiss, and will be granted if the complaint "fails to allege the violation of a clearly established constitutional right." *Smith v. Siegelman*, 322 F.3d 1290, 1294 (11th Cir. 2003) (quoting *Williams v. Ala. State Univ.*, 102 F.3d 1179, 1182 (11th Cir. 2003)). The doctrine protects government officials sued in their individual capacities as long as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation." *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002)). Only "the plainly incompetent or those who knowingly violate the law" are subject to liability. *Chesser v. Sparks*, 248 F.3d 1117, 1122 (11th Cir. 2001) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

*1. Were Defendants acting within the scope of their discretionary authority?*

To establish a qualified immunity defense, "the public official must first prove that he

was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Vinyard*, 311 F.3d at 1346 (quoting *Lee*, 284 F.3d at 1194)). " To act within the scope of discretionary authority means that 'the actions were (1) undertaken pursuant to the performance of [the official's] duties and (2) within the scope of [his] authority.'" *Collier v. Dickinson*, 477 F.3d 1306, 1308 n. 1 (11th Cir. 2007) (quoting *Lenz v. Winburn*, 51 F.3d 1540, 1545 (11th Cir. 1995)).

The allegations in this complaint establish that Jacobo and Cagle are high-level DCF officials. It is apparent from the face of the complaint that Defendants were acting within their discretionary authority when they met with Plaintiff and listened to BEST's request to partner with the Department. The decision to require that BEST be willing to partner with Kristi House is on its face one that falls within the Defendants' executive function. Taking the allegations in the light most favorable to the Plaintiff, the Court finds that Defendants were acting within their discretionary authority.

### 2. Do the allegations establish any constitutional violations?

Once the public official establishes that she was acting within his discretionary authority, the burden shifts to the plaintiff to demonstrate that qualified immunity is not appropriate. First, the Court must determine whether the allegations, if true, establish a constitutional violation. *Rehberg v. Paulk*, 611 F.3d 828, 838-39 (11th Cir. 2010). If there is a violation of a constitutional right under the plaintiff's version of the facts, the next sequential step is to ask whether the right was clearly established. *Id.*

### *a. Due Process Claims*[1]

BEST alleges in pertinent part that Defendants have denied BEST's procedural and substantive due process rights under the Fourteenth Amendments because Defendant Cagle told BEST that DCF would not consider BEST as a partner for DCF as a service provider for victims of sex trafficking unless BEST works with Kristi House, conforms its program to one approved by Kristi House, and is "sanctioned" by Kristi House director Trudy Novicki. Additionally, Plaintiff alleges that Defendant Jacobo "conditioned" DCF's consideration of BEST as a service provider on BEST's willingness to work with Kristi House. The Court agrees with the Defendants that these allegations do not suffice to establish a constitutionally-protected property interest. Simply, there is no federally protected right to "partner" with DCF or to be a service-provider for DCF.

The Due Process Clause protects against deprivations of liberty or property. *Hunter v. Florida Parole & Probation Comm'n*, 674 F.2d 847, 848 (11th Cir. 1982). "The substantive component of the Due Process Clause protects those rights that are 'fundamental,' that is, rights that are 'implicit in the concept of ordered liberty.'" *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994) (quoting *Palko v. Connecticut*, 302 U.S. 319, 325 (1937). " Fundamental rights are those created by the Constitution." *Sanders v. Henry Cnty., Ga.*, 484 Fed. App'x. 395, 398 (11th Cir. 2012). The *Sanders* Court explained that a substantive due process claim is not viable when it is predicated on a non-legislative deprivation of a state-granted and defined property

---

[1] The Court is aware that, in its Response to Defendant's Motion to Dismiss, Plaintiff states that "it does not oppose defendants' arguments with respect to the due process allegations in the complaint." The Court will nevertheless address the due process arguments that appear in the Complaint.

right. *Id.* "This is so even where the plaintiff alleges that the government, acting in a non-legislative capacity, acted arbitrarily and irrationally." *Id.* The Eleventh Circuit clarified that courts should treat substantive due process claims "predicated on an arbitrary and irrational deprivation of a property interest" as a procedural due process claim. *Id.* Plaintiff's claim that it could not partner with DCF in this case, if it exists at all, is exactly that – one rooted in procedural due process. Having found that Plaintiff cannot establish a substantive due process claim, the Court examines this claim in the context of procedural due process.

"In assessing a claim based on an alleged denial of procedural due process, a court must first decide whether the complaining party has been deprived of a constitutionally protected liberty or property interest. Absent such deprivation, there can be no denial of due process." *Economic Development Corp. of Dade County, Inc. v. Stierheim*, 782 F.2d 952, 953-54 (11th Cir. 1986). If there is a deprivation, the Court must then decide if the state provided the process that was due. *Id.* 782 F.2d at 955.

The Court must determine if Plaintiff's allegations suffice to establish a property interest. Florida state law defines the parameters of a Plaintiff's property interest under § 1983. *Key West Harbour Dev. Corp. v. City of Key West, Fla.*, 987 F.2d 723, 727 (11th Cir. 1993). A unilateral interest in securing a government contract does not create a property interest entitled to procedural due process under Florida law. *P'ship for Cmty. Health, Inc. v. Dep't of Children & Families*, 93 So. 3d 1191, 1193 (Fla. 4th DCA 2012) ("appellant has no constitutionally protected property interest in a contract which was not awarded to it."); *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 576-77 (1972) ("To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a

Statutes. *Univ. of S. Fla. College of Nursing v. State, Dep't. of Health*, 812 So. 2d 572, 574 (Fla. 2d DCA 2002).

Mindful of these principles, the Court reviews Plaintiff's allegations. The complaint does not even allege that BEST applied for a contract with DCF and that Defendants denied an application or a bid to contract with DCF. All it alleges is that BEST requested an application form, and that as of the date of the complaint had not received one. The other allegations only establish that the Defendants said that BEST would need to work with Kristi House. Without more, the Court cannot find these allegations sufficient to establish a constitutionally protected property interest or a violation of Plaintiff's procedural due process.

### b. First Amendment Claim

Plaintiff's First Amendment claim is convoluted and not clearly stated. Perhaps, the Plaintiff is attempting to make a claim of free speech retaliation. If so, to state such a claim, BEST must plead its speech was (1) constitutionally protected; (2) the defendant's retaliatory conduct adversely affected the protected speech; and (3) there is a causal connection between the retaliatory actions and the adverse effect on speech. *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005). To satisfy the second prong of this test "A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." *Id.* at 1254.

The allegations do not suffice to establish the three-prong *Bennett* test. Nothing in the Complaint states Defendants took official action against BEST because of its views. At most, the allegations state that Defendants engaged in a "smear" campaign against its President, which had a chilling effect of blocking BEST's public comment on the issue of whether sex trafficking

Complaint states Defendants took official action against BEST because of its views. At most, the allegations state that Defendants engaged in a "smear" campaign against its President, which had a chilling effect of blocking BEST's public comment on the issue of whether sex trafficking victims should be represented by pro bono counsel or by a non-attorney selected by Kristi House. At most, Plaintiff states Defendants sent out two emails disagreeing with BEST's "philosophy." Certainly, these allegations do not establish Defendants acted in a retaliatory way to adversely affect protected speech. Nor do these allegations establish a causal connection between the retaliatory action and the adverse effect on speech as required by *Bennett*. Thus, Plaintiff has failed to state a claim for 1st

It is also well-settled that to survive a defense of qualified immunity, it "must be obvious to every reasonable person in [the defendant's] place that [the defendant's conduct] would violate federal law." *Beauregard v. Olson*, 84 F.3d 1402, 1404 (11th Cir. 1996). There is no case that Plaintiff could identify that would put Defendants on notice that the contents of their emails would "likely deter a person of ordinary firmness from the exercise of First Amendment rights." *Bennett*, 423 F.3d at 1250.

Having found the Plaintiff's allegations fail to establish any constitutional violation of the First Amendment, the Court finds the Defendants are entitled to qualified immunity.

### c. 11th Amendment Immunity

Defendants have further argued they are protected from suit under the 11th amendment. "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has

waived its immunity." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). "Neither a state nor its officials acting in their official capacities are "persons" under § 1983." *Id.* at 71. A narrow exception exists under *Ex Parte Young* that "doctrine permits federal courts to entertain suits against state officers seeking *prospective* equitable relief to end continuing violations of federal law." *Mclendon v. Ga. Dept. of Community Health*, 261 F.3d 1252, 1256 (11th Cir. 2001); *Ex Parte Young*, 209 U.S. 123 (1908).

The Complaint is ostensibly structured against the Defendants in their individual capacity. Indeed, the Florida Department of Children and Families is not a party to the suit. Nevertheless, Count II of the Complaint is against "Defendants Jacobo and DCF". As demonstrated in the above analysis, Plaintiff has failed to allege conduct that violates federal law. Thus, it falls outside of the exception under *Ex Parte Young*. Therefore, the extent that Plaintiff's Complaint is against the DCF or against Defendants in their official capacity, it is barred by the 11th Amendment.

## B. State Law Defamation Claim

Having found that the Defendants have qualified immunity for Plaintiff's §1983 claims, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law defamation claims. 28 U.S.C. § 1367(c)(3); *See e.g. Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004).

## IV. Conclusion

For the above reasons, the Court finds that Defendants had qualified immunity, and that Plaintiff failed to state a claim for violations of due process or for First Amendment retaliation. Defendant's Motion to Dismiss is hereby GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida, this 23 day of September, 2013.

                                                           FEDERICO A. MORENO
                                                  UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record